UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

CBR FUNDING, LLC,

    Plaintiff,

    v.                                      Case No. 1:13-cv-01280-JDB-egb

CHARLES A. JONES and
SARAH C. JONES,

    Defendants/Third-Party Plaintiffs,

    v.

DAVID B. GRIFFIN,

    Third-Party Defendant.

---

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
DENYING SUMMARY JUDGMENT ON THIRD-PARTY PLAINTIFFS' CONTRIBUTION CLAIM,
AND
ORDER OF REFERENCE

---

Before the Court are the supplemental briefs addressing damages and Third-Party Defendant's, David Griffin ("Griffin"), liability as a co-guarantor to the Defendants/Third-Party Plaintiffs, Charles A. and Sarah C. Jones ("the Joneses"). (Docket Entries ("D.E.") 56, 59, 63-1.)

*Background*[1]

This lawsuit stems from College Book Rental Company's ("CBR") default on two loans that were personally guaranteed by the Joneses, Griffin, and his wife, Roxie Griffin.[2] The Court issued an order on the parties' cross-motions for summary judgment, finding that the Plaintiff,

---

[1] A complete summary of the facts can be found in the Court's November 4, 2014 Order. (*See* D.E. 49.)
[2] Ms. Griffin is not a party to this action. (*See* D.E. 66 at 6–7.)

CBR Funding, LLC ("CBR Funding")[3], had validly purchased the loans from Security Bank & Trust Company ("Security Bank"), and that the Joneses, as guarantors, were personally liable after CBR defaulted. (D.E. 49 at 21.) The Court denied Plaintiff's motion for summary judgment on the issue of damages, and requested supplemental briefing focusing on that issue and on the Joneses' third-party contribution claim against Griffin. (*Id.* at 21–22.)

In addition to filing a supplemental brief, the Joneses moved to amend their third-party complaint to bring an indemnification claim against Griffin, and to implead Roxie Griffin. (D.E. 61.) The Court denied this motion, finding that the Joneses failed to demonstrate good cause under Fed. R. Civ. P. 16(b) for amending their third-party complaint after the deadline had passed. (D.E. 66.)

*Legal Standard*

Rule 56 provides in pertinent part that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court is to "view facts in the record and reasonable inferences that can be drawn from those facts in the light most favorable to the nonmoving party." *Canady v. Gillette Co.*, 547 F. App'x 670, 677 (6th Cir. 2013) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). It is not to "weigh evidence, assess credibility of witnesses, or determine the truth of any matter in dispute." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Kroll v. White Lake Ambulance Auth.*, 763 F.3d 619, 623 (6th Cir. 2014) (quoting *Anderson*, 477 U.S. at 251–52).

---

[3] CBR Funding is a Tennessee limited liability company managed by Griffin.

2

The moving party "has the initial burden of showing the absence of a genuine dispute as to a material fact." *Automated Solutions Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 520 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the motion is properly supported, "the opposing party must go beyond the contents of its pleadings to set forth specific facts that indicate the existence of an issue to be litigated." *Slusher v. Carson*, 540 F.3d 449, 453 (6th Cir. 2008) (citations omitted). The nonmoving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson*, 477 U.S. at 248–49. The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.* A court must grant summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

*Analysis*

**A.    Request for a Hearing**

The Joneses request a hearing so the Court may consider their indemnification claim against Griffin, the commercial reasonableness of the asset sale, and the inconsistency in the damages being sought by Plaintiff. (D.E. 59 at 2, 5–7.) The Court previously considered—and denied—the Joneses' motion to amend the third-party complaint to bring an indemnification claim against Griffin. (D.E. 66 at 3–6.) A hearing for that purpose is therefore unnecessary.

The Joneses also request a hearing to challenge the commercial reasonableness of the June 11, 2013 asset sale, insisting that the amount CBR received for these items was substantially lower than their actual value. (D.E. 59 at 6–7.) The United States Bankruptcy Court for the Middle District of Tennessee ("Bankruptcy Court"), issued an order approving the

sale of certain assets owned by CBR to CBR Funding, finding that "[t]he transactions contemplated by the Purchase Agreement are undertaken by [CBR Funding] in good faith, as that term is used in Section 363(m) of the Bankruptcy Code[.]" (D.E. 58-1 at 13.) The bankruptcy court noted that the trustee had provided adequate and timely notice of the auction sale to all parties-in-interest. (*Id.* at 2–3.) The bankruptcy court held that "[CBR Funding] is a good faith purchaser under Section 363(m) of the Bankruptcy Code, and, as such, is entitled to all of the protections afforded under said section of the Bankruptcy Code." (*Id.* at 3.) The bankruptcy court described CBR Funding's credit bid as fair and reasonable, the highest and best offer received, and one that constituted "reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the State of Tennessee." (*Id.* at 4.)

While Defendants seek to challenge the commercial reasonableness of the asset sale, "[u]nder 11 U.S.C. § 363(m), an approved sale of chapter 11 bankruptcy estate property generally cannot be challenged on appeal if the sale has already been consummated in good faith without an intervening stay." *In re Nashville Sr. Living, LLC*, 620 F.3d 584, 586 (6th Cir. 2010); *In re Parker*, 499 F.3d 616, 620–21 (6th Cir. 2007) (same). There is no evidence that the Joneses sought a stay of the asset sale in the bankruptcy proceeding. They cannot now attempt to challenge its commercial reasonableness in this Court. Defendants' request for a hearing on this issue is DENIED.

Finally, the Joneses request a hearing on the issue of damages, alleging that there is no evidence in the record that supports the amount being sought, and that Plaintiff's damage computations are internally inconsistent. (D.E. 59 at 5–7.) Plaintiff has provided several documents showing the balance due on the two loans on various dates. One is Security Bank's August 16, 2012 demand letter to CBR and the guarantors notifying them that the two loans were

4

in default. (D.E. 57-1.) The demand letter stated that the total amount due on the loans was $5,563,253.90 and $2,261,403.90. (*Id.* at 2.) These amounts included interest and Security Bank's attorney's fees through August 16, 2012. (*Id.*) Once Security Bank declared the loans in default, the post-maturity interest rate increased to 21 percent per year. (D.E. 57-2 at 1, 6; Aff. of Stephen L. Trask ¶ 3, D.E. 57.)

Plaintiff also provided the bankruptcy court's June 11, 2013 asset sale order where that court held that $3,105,000 received from the sale "shall be applied to reduce the Security Bank Claim . . . ." (D.E. 58-1 at 4.) Attached to the bankruptcy court's order was the June 3, 2013 Asset Purchase Agreement between the estate's trustee and CBR Funding, which fixed the amount owed on the Security Bank claim at $7,566,203 as of that date. (*Id.* at 16.) In its complaint, Plaintiff sought entry of a judgment in the amount of $2,361,230.45 and $2,232,869.92, as the balance owed on the loans. (D.E. 1-1 at 10–11.) Plaintiff's attorney has submitted an affidavit stating the principal and interest due on both loans as of June 11, 2013 was $6,084,408.53, after the asset sale offset. (Aff. of Joseph Allen Kelly ("Kelly Aff.") ¶¶ 2–3, D.E. 58.) Counsel averred that the total amount of the loans as of December 4, 2014 was $8,000,997.22. (*Id.* ¶ 4.) Counsel did not attach any supporting documentation other than the bankruptcy court's June 11, 2013 order.

The guarantees executed by the Defendants state that "[t]o the extent permitted by law, Guarantor agrees to pay Lender's reasonable fees and costs, including, but not limited to, fees and costs of attorneys and other agents (including without limitation paralegals, clerks and consultants) whether or not any attorney or agent is an employee of Lender, which are incurred by Lender in collecting any amount due or enforcing any right or remedy under this Agreement,

5

including, but not limited to, all fees and costs incurred on appeal, in bankruptcy, and for post-judgment collection actions, and whether or not suit is brought." (D.E. 57-3 at 2.)

Defendants allege that Plaintiff has failed to provide sufficient documentation under Fed. R. Civ. P. 54, and this district's local rules, to support a request for fees and costs arising from its collection efforts. (D.E. 63-1 at 3–4.) The only documentation submitted by the Plaintiff was counsel's affidavit stating that as of December 4, 2014, the firm's fees were $80,067.16. (Kelly Aff. ¶ 5, D.E. 58.) This is not sufficient to support an award of attorney's fees. *See BKB Props., LLC v. SunTrust Bank*, No. 3:08-cv-00529, 2010 WL 200750, at *6–8 (M.D. Tenn. Jan. 13, 2010) (awarding attorney's fees after considering "the extensive documentation submitted by [Defendant] in support of its request for an award of attorneys' fees" following entry of summary judgment on breach of contract claim).

After considering all of the evidence, it appears that there is still a material dispute as to the balance currently owed on the two loans and what reasonable fees Plaintiff is entitled to. Therefore, Plaintiff's motion for summary judgment on these issues is DENIED. This matter is hereby REFERRED to the Magistrate Judge to conduct a hearing to determine what damages and attorney's fees are owed to Plaintiff under the terms of the loans and guarantees.

**B.** **Contribution**

At the outset, Griffin contends that because the Joneses have not moved for summary judgment, their contribution claim is not properly before the Court. (D.E. 56 at 2.) Federal Rule of Civil Procedure 56 permits the district court to grant summary judgment on grounds not raised by a party, so long as it provides notice and a reasonable opportunity to respond. Fed. R. Civ. P. 56(f). The Court gave the parties ample notice that it would be considering the contribution claim, and requested supplemental briefing specifically addressing that issue. (D.E. 49 at 22.)

The Joneses insist that they are entitled to contribution from Griffin for his pro rata share of the balance owed to CBR Funding, as they are co-guarantors on the loans. (D.E. 59 at 7–8.) Griffin counters by noting that a party's right to contribution from co-debtors does not arise until that party has actually paid more than their fair share of the outstanding balance. (D.E. 56 at 3.)

Under Tennessee law, "a co-guarantor on a joint obligation has a right to contribution from other co-guarantors." *Hartford Fire Ins. Co. v. CMC Constr. Co.*, No. 3:06-CV-11, 2010 WL 3338581, at *20 (E.D. Tenn. Aug. 24, 2010) (citing *Young v. Kittrell*, 833 S.W.2d 505, 508 (Tenn. Ct. App. 1992)). "The right of contribution only exists between parties who share a common obligation or liability." *First Am. Title Ins. Co. v. Cumberland Cnty. Bank*, 633 F. Supp. 2d 566, 576 (M.D. Tenn. 2009) (citing *Squibb v. Smith*, 948 S.W.2d 752, 754 (Tenn. Ct. App. 1997)). A right to contribution "arises when one of several parties jointly liable for a common debt pays more than his or her share to discharge the debt for the benefit of all." *Hardy v. Miller*, No. M1998-00940-COA-R3-CV, 2001 WL 1565549, at *5 (Tenn. Ct. App. Dec. 10, 2001); *Young*, 833 S.W.2d at 508.

In this case, the Joneses and Griffin signed as personal guarantors on the loans to CBR. Section 23 of the guaranty states that "[i]f there is more than one Guarantor, their obligations under this Guaranty shall be joint and several." (D.E. 59-1 at 8.) While the Court has found the Defendants liable to CBR Funding for the balance owed on these loans, their right to contribution against Griffin is contingent on them "pa[ying] more than [their] share to discharge the debt for the benefit of all." *Hardy*, 2001 WL 1565549, at *5; *In Re Cartee*, No. 07-01526, 2008 WL 4490012, at *13 (Bankr. M.D. Tenn. Feb. 22, 2008) ("[T]he debtor's entitlement to contribution is dependent upon his duty to first satisfy the obligation for which he and the [co-debtor] are jointly liable. . . . the liability has not been satisfied and until it is, no right to

7

contribution does arise[]."); *CMC Constr. Co.*, 2010 WL 3338581, at *20 ("The right to contribution is a right to payment, but such right is contingent upon a co-guarantor paying more than his or her share of the joint obligation.").

Alternatively, the Joneses maintain that because CBR Funding is managed by Griffin, any judgment entered in favor of CBR Funding should be offset by the amount Griffin owes on the loans as a co-guarantor. (D.E. 63-1 at 5.) However, CBR Funding is a separate and distinct corporate entity. Defendants have not offered any evidence to the contrary.

Defendants' contribution claim is not ready to be ruled on at this juncture. Therefore, summary judgment on this claim is DENIED.

*Conclusion*

Defendants are liable to Plaintiff for the entire amount due on the 2010 and 2011 loans. Griffin, as co-guarantor, cannot be liable for contribution until the Joneses have paid more than their pro rata share. The Court will issue a judgment addressing that contingency upon conclusion of the primary action.

Plaintiff's motion for summary judgment on damages is DENIED. This matter is hereby REFERRED to the Magistrate Judge to conduct a hearing on Plaintiff's damages and attorney's fees and prepare an order and/or report and recommendation. Any objections to the Magistrate Judge's order and/or report shall be made within fourteen days after service of the order and/or report, setting forth particularly those portions of the order and/or report objected to and the reasons for the objections. *See* Fed. R. Civ. P. 72.

IT IS SO ORDERED this 2nd day of April, 2015.

s/J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE