UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

CBR FUNDING, LLC,

    Plaintiff,

    v.                                                       Case No. 1:13-cv-01280-JDB-egb

CHARLES A. JONES and
SARAH C. JONES,

    Defendants/Third-Party Plaintiffs,

    v.

DAVID B. GRIFFIN,

    Third-Party Defendant.

---

ORDER

---

Before the Court is Defendants/Third-Party Plaintiffs, Charles A. and Sarah C. Jones's ("The Joneses") motion for reconsideration and to set this matter for jury trial. (Docket Entry ("D.E.") 73.) Plaintiff has not yet submitted a response. The Joneses contend that the Court's April 2, 2015 order referring the issue of Plaintiff's damages to Magistrate Judge Edward G. Bryant must be withdrawn, as both parties have properly demanded a jury trial under Federal Rule of Civil Procedure 38. (*Id.* at 3.)

The Seventh Amendment to the United States Constitution guarantees the right to a jury trial in civil cases where legal rights are being asserted. U.S. Const. amend. VII. However, the right to a jury trial may be waived. *Preferred RX, Inc. v. Am. Prescription Plan, Inc.*, 46 F.3d 535, 548 (6th Cir. 1995). "It is clear that the parties to a contract may by prior written agreement

waive the right to jury trial." *K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 755 (6th Cir. 1985); *Efficient Solutions, Inc. v. Meiners' Country Mart, Inc.*, 56 F. Supp. 2d 982, 983 (W.D. Tenn. 1999) ("Although the right of trial by jury in civil actions is protected by the Seventh Amendment to the Constitution, that right may be waived by prior written agreement of the parties."). A waiver of the right to a jury trial will only be enforced if it was knowingly, voluntarily, and intentionally made.[1] *K.M.C. Co.*, 757 F.2d at 755–56. In this case, the guarantees signed by Plaintiff's predecessor-in-interest and the Defendants contain the following clause:

> 24. JURY TRIAL WAIVER. LENDER AND GUARANTOR HEREBY WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY CIVIL ACTION ARISING OUT OF, OR BASED UPON, THIS GUARANTY.

(D.E. 1-1 at 41–44.)

Accordingly, the parties are directed to submit briefing, no later than ten days after entry of this order, addressing the validity of the guarantees' jury trial waiver, and whether the waiver prevents either party from demanding a jury trial in this action. Because of this issue, the April 29, 2015 hearing before Magistrate Judge Bryant is postponed.

IT IS SO ORDERED this 16th day of April, 2015.

                                            s/J. DANIEL BREEN
                                            CHIEF UNITED STATES DISTRICT JUDGE

---

[1] While a subsequent published decision from the Sixth Circuit called into question whether the "knowingly, voluntarily, and intentionally" standard set forth in *K.M.C. Co. v. Irving Trust Co.* was dicta, see *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 506–08 (6th Cir. 2004), decisions following *Cooper* have confirmed that the analysis set forth in *K.M.C. Co.* is the law of the Circuit. *See Hergenreder v. Bickford Senior Living Grp., LLC*, 656 F.3d 411, 420–21 (6th Cir. 2011).