IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CBR FUNDING, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-1280 |
| | ) | |
| CHARLES A. JONES and | ) | |
| SARAH C. JONES, | ) | |
| | ) | |
| Defendants/Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID B. GRIFFIN, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

ORDER GRANTING DEFENDANTS' MOTION FOR JURY TRIAL

On September 20, 2013, the Plaintiff, CBR Funding, LLC ("CBR Funding") initiated this lawsuit against Defendants, Charles A. Jones and Sarah C. Jones, in Henry County, Tennessee Chancery Court alleging breach of contract claims. (Docket Entry ("D.E.") 1.) The Defendants removed the case to this Court under diversity jurisdiction. (D.E. 1.) Both parties submitted motions for summary judgment. (D.E. 23 & 33.) On November 14, 2014, this Court ruled that CBR Funding was entitled to summary judgment on the issue of Defendants' liability but denied summary judgment on the issue of damages.[1] (D.E. 49.) Defendants then filed a Motion for

---

[1] Plaintiff argues that this Court could dispose of the issue of damages by setting a hearing pursuant to existing proceedings under Fed. R. Civ. P. 56. (D.E. 75.) However, this Court has fully disposed of the Rule 56 motions in this case, and therefore setting a hearing pursuant to Rule 56 would be improper.

1

Jury Trial on the issue of damages. (D.E. 73.) For the reasons discussed below, Defendants' motion is GRANTED.

*Analysis*

1. Validity of the Jury Waiver Provision

Although the right to a jury trial is guaranteed, the relinquishment of such right is allowed pursuant to both the Sixth Circuit and Tennessee jurisprudence if the waiver is valid.[2] *See Key Equip. Fin., Inc. v. Poag McEwen Lifestyle Ctrs., LLC*, No. 2:09-cv-02731-JPM-tmp, 2010 WL 2696195, at *2 (W.D. Tenn. July 6, 2010) ( "It is well settled, however, that parties to a contract may waive this [Seventh Amendment] right [to a jury] by prior written agreement."); *Regions Bank v. Lost Cove Cabins & Campgrounds, Inc.*, No. M2009-02389-COA-R3-CV, 2010 WL 4514957, at *4 (Tenn. Ct. App. Nov. 9, 2010) (a jury waiver is valid if it is "knowing, voluntary, and intelligent"). Here, the validity of the jury waiver is not at issue as Defendants never challenged its legitimacy. (D.E. 76).

2. Enforcement of the Jury Waiver Provision

Defendants contend that they "have a right to jury trial because Plaintiff, itself, made a demand for a jury. By including the jury demand in its Complaint, Plaintiff has waived any rights it may have had to enforce the contractual waiver of a jury trial." (D.E. 76 at 3.) The Complaint was filed in 2013. (D.E. 1). Additionally, Defendants highlight that Plaintiff had not withdrawn its jury demand, did not object to this Court setting the matter for a jury trial, and included the phrase "JURY DEMAND" in all caps in its pleadings—most notably in its Response in

---

[2] As discussed in this Court's Order Granting in Part and Denying n Part Plaintiff's Motion for Summary Judgment and Denying Defendants' Motion for Summary Judgment, Tennessee law governs pursuant to the valid choice-of-law provisions contained in the contracts at issue. (D.E. at 10-11.)

Opposition to Defendants' Motion for Jury Trial. (D.E. 75 at 1.) Plaintiff argues the jury waiver is enforceable regardless of its original demand and in an effort to clarify its current position, has withdrawn its request for a jury and waived any right to a jury trial. (D.E. 77-1 at 1.)

A party may waive its right to enforce a contract clause if it engages in "unequivocal and decisive acts . . . or an act which shows determination not to have the benefit intended . . . ." *Key Equip. Fin., Inc.*, 2010 WL 2696195, at *4. In *Key*, the plaintiff filed a motion to strike the defendants' jury demand pursuant to the parties' contractual jury waiver provision. *Id.* at *1. The plaintiff never made a jury demand. *Id.* After the filing of the complaint but before the defendants filed their answer, the plaintiff's counsel sent the defense counsel a proposed scheduling order. *Id.* The defense counsel made several changes, including a one to reflect a jury trial. *Id.* After receiving the changes, the plaintiff's attorney submitted the proposed order without any alterations to the Magistrate Judge. *Id.* The Magistrate Judge's assistant contacted both parties confirming the indication of a jury request was correct. *Id.* While the defense responded affirmatively, stating a demand would be made in the answer, the plaintiff never replied. *Id.* After both the scheduling order was entered and the defendants filed their answer containing a jury demand, the plaintiff asserted the defense was precluded from seeking a trial by jury because of the contractual waiver. *Id.* at *2. The defendants argued that the plaintiff consented to the jury trial because it forwarded the proposed scheduling order to the Magistrate Judge without removing the jury request and it did not object to the subsequent email inquiry. *Id.* at *4. The court rejected the defendants' arguments, finding that these actions did not amount to consent and further, were "not a clear, unequivocal, decisive act signaling its intent not to claim the benefits of the waiver provision." *Id.* (internal citations omitted). In its holding, the court pointed out that the plaintiff "had not requested a jury trial in its [c]omplaint, [the

d]efendants had not yet filed their [a]nswer requesting a jury trial, and entering a scheduling order that indicates a trial by jury is not a recognized method of requesting a jury trial . . . ." *Id.* Finally, the court held that the "[p]laintiff's silence leading up to and at the time of the entry of the Scheduling Order was not unequivocally inconsistent with claiming its rights under the jury waiver provisions." *Id.*

Additionally, in *Regions Bank*, the Tennessee Court of Appeals held that the plaintiff did not waive its right to enforce a jury waiver provision simply because it failed "to timely object to the demand [by the defendant] and allow[ed] the matter to be set for a jury trial on more than one occasion." *Regions Bank*, 2010 WL 4514957, at *5. There, the defendants filed a jury demand in both their answer and counterclaim in November 2004, and "for some period of time," the case was set on a jury docket. *Id.* at *3-5. At no point did the plaintiff demand a jury trial. *See id.* at 3. Almost four years later, the plaintiff moved to strike the demand pursuant to the parties' contractual jury waiver. *Id.* at *5. The trial court granted the plaintiff's motion and in a subsequent bench trial, found against the defendants. *Id.* at *3. On appeal to the Tennessee Court of Appeals, the defendants argued that the plaintiff's failure to object to their jury demand for four years and allow a jury trial to be set at one point constituted an effective waiver. *Id.* at *5. The court rejected the defendants' argument. *Id.* at 6. Citing to the rule that allows a party to move to strike a jury demand "up to the eve of trial," the court found the entry of a scheduling order and a lack of an objection was not enough to constitute a "clear, unequivocal and decisive act[] . . . ." *See id.* at *5-6.

In the instant matter, Plaintiff specifically demanded a jury in its complaint. (D.E. 1-1.) The demand itself was emphasized in a separate section, entitled "**JURY DEMAND**"—in all caps and bold lettering, which stated that "Plaintiff demands that this case be tried before a jury

4

of twelve." *Id.* This demand was the last section before Plaintiff's counsel affixed his name. *Id.* After the Complaint was filed on September 20, 2013, a jury trial was scheduled for December 10, 2014, to which CBR Funding did not object. (D.E. 1, 22.) Further, it consistently filed all of its motions with the words "JURY DEMAND" in the captions, including in its Response in Opposition to Defendants' Motion for Jury Trial. (D.E. 75.) Indeed, Plaintiff did not seek to withdraw its jury demand until after Defendants filed their Supplemental Brief in Support of Jury Trial. (D.E. 76, 77-1). CBR Funding, the Jones, and this Court operated for nearly two years under the premise that a trial, if it were to occur, would be heard by a jury. This case is distinguishable from *Key Equipment Finance, Inc.* and *Regions Bank* because here the Plaintiff engaged in the express act of demanding a jury trial, rather than merely remaining silent or failing to object to the other side's demand. *See Key Equip. Fin., Inc.*, 2010 WL 2696195, at *4; *Regions Bank*, 2010 WL 4514957, at *4-5. Therefore, this Court finds that Plaintiff engaged in a clear, unequivocal, and decisive act that demonstrated an intent to waive its right to enforce the contractual jury waiver provision.

Moreover, an expectation existed that Defendants could rely upon Plaintiff's demand of a trial by jury. Pursuant to Federal Rule of Civil Procedure 39, once a jury trial has been demanded, the trial will be heard by a jury unless consent to a bench trial is agreed upon by both parties. Defendants never contested Plaintiff's jury demand or stipulated to a bench trial, and thus CBR Funding cannot withdraw its demand without their consent. Fed. R. Civ. P. 39(a)(1) ("The trial on all issues so demanded must be by jury unless: (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record . . . ."); *see* Fed. R. Civ. P. 38(d) ("A proper demand may be withdrawn only if the parties consent."); *see also Chicago Ins. Co. v. Capwill*, No. 3:01-CV-2588, 2010 WL 2723716, at *2 (N.D. Ohio July 8, 2010) ("Because of

5

[the] official record of their previous objection to a jury trial, Defendants' consent is not required for the Plaintiff to withdraw its jury demand.").

*Conclusion*

Therefore, because the Court finds that Plaintiff demonstrated an intent to waive the contractual jury waiver provision and that Defendants never consented to a nonjury trial, the Defendants' Motion for a Jury Trial is GRANTED.

IT IS SO ORDERED this 14th day of September 2015.

                                              s/ J. DANIEL BREEN
                                              CHIEF UNITED STATES DISTRICT JUDGE