IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CBR FUNDING, LLC

    Plaintiff,

v.                                                                                                                    No. 13-1280

CHARLES A. JONES and
SARAH C. JONES,

    Defendants/Third-Party Plaintiffs,

v.

DAVID B. GRIFFIN,

    Third-Party Defendant.

---

ORDER DENYING PLAINTIFF'S
RULE 16(c) MOTION

---

On September 20, 2013, the Plaintiff, CBR Funding, LLC ("CBR Funding") initiated this lawsuit against Defendants, Charles A. Jones and Sarah C. Jones, in Henry County, Tennessee Chancery Court alleging breach of contract claims. (Docket Entry ("D.E.") 1.) The Defendants removed the case to this Court under diversity jurisdiction. (D.E. 1.) Both parties submitted motions for summary judgment. (D.E. 23 & 33.) On November 14, 2014, this Court found that CBR Funding was entitled to summary judgment on the issue of Defendants' liability but denied summary judgment on the amount of damages. (D.E. 49.) Defendants then filed a motion for jury trial on the remaining issue, which the Court granted and set the case for trial. (D.E. 73, 84-85.) The parties indicated the possibility of a settlement, and the matter was referred to Magistrate Judge Ed Bryant to

1

conduct a settlement conference. (D.E. 92.) Before the commencement of the conference, Plaintiff filed a Rule 16(c) motion. (D.E. 96.) The Court chose to delay ruling pending the outcome of the settlement conference. After multiple sessions, however, the case did not settle. (D.E. 98, 103, 108.) For the reasons discussed below, Plaintiff's motion is DENIED.

*Law*

Federal Rule of Civil Procedure 16(c) establishes that the following may be considered at a pretrial conference: "**(E)** determining the appropriateness and timing of summary adjudication under Rule 56, . . . ."

*Analysis*

*(1) Summary Judgment Determination on Damages*

CBR Funding seeks to be allowed to file a second motion for summary judgment to address the issue of damages. (D.E. 96-2 at 7.) This request comes despite the fact that Plaintiff was directed to file a supplemental brief addressing damages after the Court granted summary judgment on liability. (D.E. 49.) After submission of the briefs, the Court denied Plaintiff's motion for summary judgment, finding "that there is still a material dispute as to the balance currently owed on the two loans and what reasonable fees Plaintiff is entitled to." (D.E. 71 at 6.) CBR Funding acknowledges that the previous information submitted to the Court were "miscalculations," but claims the newest numbers it advances are the correct ones. (D.E. 96-2 at 5-8.)

Rule 16 permits district courts to amend the pretrial scheduling order provided that the movant demonstrates "good cause." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements," though courts may also consider prejudice to the nonmoving party. *Smith v.*

2

*Holston Med. Grp., P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014). Although Plaintiff asserts that the newest calculation is the correct one, it has not provided a basis as to why it failed to exercise reasonable diligence in addressing the issue of damages during its previous two opportunities. While it could have done so, CBR Funding's miscues resulted in material issues of fact still remaining. That Plaintiff now submits additional facts to the Court serves only to complicate the issue further, rather than simplify it.

Moreover, it appears to the Court that CBR Funding is actually presenting to the Court a motion for reconsideration with evidence, but masking it as a "Rule 16 motion." Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to "alter or amend a judgment" within "28 days after entry." The purpose of the rule is to "allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)). This Court "may grant a timely Rule 59 motion to alter or amend [a] judgment to correct a clear error of law; to account for newly discovered evidence or an intervening change in the controlling law; or to otherwise prevent manifest injustice." *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 330 (6th Cir. 2014) (quoting *Doran v. Comm'r of Soc. Sec.*, 467 F. App'x 446, 448 (6th Cir. 2012)). As the Court ruled on this issue nearly a year ago, it is clear that any motion for reconsideration would be untimely.

For the reasons therein, Plaintiff's request to submit a new summary judgment motion is DENIED.

*(2) Factual Issues to be Tried*

Additionally, Plaintiff requests that this Court enter an order directing Defendants to identify the

3

factual issues to be tried. (D.E. 96-2 at 8.) This request, however, is unnecessary as the Court specifically noted in a previous order that there remains a material dispute as to the amount owed on the two loans and the fees to which Plaintiff is entitled. (D.E. 71.) The amount of damages due is the basis of what shall be tried before a jury. Accordingly, the Court DENIES Plaintiff's request.[1]

*Conclusion*

Based upon the foregoing reasons, Plaintiff's motion is DENIED.

IT IS SO ORDERED this 29th day of March 2016.

                        s/ J. DANIEL BREEN
                        CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The parties may by stipulation in the pretrial order submit the issues to be tried, if there are lingering doubts on that subject.